IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00447-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

GARY WARD,
RYDER MAY,
MICHAEL ALLEN,
NICOLE WILSON,
MEGGAN CASTILLO,
RICHARD HODGE, and
KATHLEEN BOYD,

    Defendants.

---

## AMENDED ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 134]. The Recommendation addresses plaintiff Jabari J. Johnson's ("Johnson") complaint, Docket No. 1, and motion for preliminary injunction seeking injunctive relief concerning the allegations in the complaint, Docket No. 113. The Recommendation also addresses the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure brought by defendants Ryder May ("May"), Michael Allen ("Allen"), Nicole Wilson ("Wilson"), Meggan Castillo ("Castillo"), Richard Hodge ("Hodge"), and Kathleen Boyd ("Boyd") (together the "Colorado Department of Corrections ("CDOC") defendants").[1] Docket No. 64. Because Mr.

---

[1] Gary Ward ("Ward"), the only defendant not moving to dismiss, has not been served.

Johnson is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[2]

Mr. Johnson is an inmate who is incarcerated at the Colorado State Penitentiary ("CSP") in Cañon City, Colorado. Docket No. 1 at 3. Mr. Johnson alleges that from October 2017 to November 2019 Ward, May, Wilson, Allen, Hodge, and Boyd deprived Mr. Johnson "of an orthopedic visit for surgery and medical boot" for Mr. Johnson's right foot. *Id.* at 6. Among other things, plaintiff alleges that Hodge scheduled physical therapy appointments for Mr. Johnson, but Castillo canceled them. *Id.* Mr. Johnson also alleges that, from April 6, 2019 to May 11, 2019, Boyd "deprived [Mr. Johnson] of chronic pain medication [and] refus[ed] to see" Mr. Johnson. *Id.* Boyd later gave Mr. Johnson medication to help with the pain and rashes on Mr. Johnson's back, arm, and shoulders, but the medication did not help. *Id.* And while Mr. Johnson had an appointment for "pain management" set for June 2019, Mr. Johnson was transferred to Sterling Correctional Facility ("Sterling") before he could be seen. *Id.* Mr. Johnson further alleges that Allen discontinued his mediation from June 2019 to November 2019, which Mr. Johnson complained about in August 2019. *Id.* Also in August 2019, Mr. Johnson suffered a heart attack and, once he arrived back at the facility, "continuously requested to see [a doctor] as [Hodge] deprived care." *Id.* at 7. To date,

---

[2] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Mr. Johnson alleges that he has not been prescribed medication for his injuries, which Mr. Johnson attributes to Boyd and Hodge not liking "'N[******]' who sue." *Id.*

Mr. Johnson asserts one claim against defendants under 28 U.S.C. § 1983 for violation of his Eighth Amendment rights. Docket No. 1 at 6. The CDOC defendants raise three grounds for dismissal. Docket No. 64 at 2. First, the CDOC defendants argue that, under the Eleventh Amendment, this Court does not have subject matter jurisdiction for Mr. Johnson's claim against the CDOC defendants sued in their official capacities and seeking monetary relief, and therefore Mr. Johnson's complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Id.* Second, the CDOC defendants argue that Mr. Johnson has failed to state claims for relief against May and Allen because he has not alleged their personal participation in any conduct relating to his claims. *Id.* Third, the CDOC defendants argue that they are entitled to qualified immunity because Mr. Johnson does not plausibly state a constitutional violation as required under section 1983, and therefore Mr. Johnson's complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* The magistrate judge appears to have reviewed the latter two grounds for dismissal together, and so will the Court in its review.

Magistrate Judge Hegarty issued a recommendation on October 1, 2020 as to Mr. Johnson's complaint and motion for preliminary injunction, as well as the CDOC defendants' motion to dismiss. Docket No. 134. Mr. Johnson filed objections on October 19, 2020. Docket No. 142. The CDOC defendants filed a response to Mr. Johnson's objections on November 2, 2020. Docket No. 145. Mr. Johnson replied on November 18, 2020. Docket No. 149.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall*, 935 F.2d at 1110.

### A. Lack of Subject Matter Jurisdiction

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the

4

complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). To the extent a defendant attacks the factual basis for subject matter jurisdiction, the court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (stating that a court "need not accept [] conclusory allegations").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements

6

necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

### A.  Lack of Subject Matter Jurisdiction

Magistrate Judge Hegarty recommends that Mr. Johnson's claim for damages against the CDOC defendants in their official capacities be dismissed.  Docket No. 134 at 7.  Specifically, the magistrate judge concluded that Mr. Johnson seeks $4 million in monetary compensation from each of the CDOC defendants – $1.5 million in compensatory damages and $2.5 million in punitive damages.  *Id.* (citing Docket No. 1 at 8, 25).  While Mr. Johnson's complaint is unclear, the magistrate judge also concluded that Mr. Johnson is suing the CDOC defendants in both their individual and official capacities.[3]  *Id.* (citing Docket No. 1 at 3–4).  However, the magistrate judge determined, because the CDOC defendants are state officials, the Court must treat a suit against them as a suit against the state itself.  *Id.*  Because the Eleventh Amendment bars suits against the state for damages, the magistrate judge concluded that Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000).

In response to Magistrate Judge Hegarty's recommendation, Mr. Johnson first argues that his claims are not conclusory and that he has proven his claims in previous filings.  Docket No. 142 at 1.  Second, Mr. Johnson argues that a district court reviewing a motion to dismiss for lack of subject matter jurisdiction may review affidavits, other

---

[3]  Mr. Johnson does not dispute this characterization in his objections.

7

documents, and the fruits of a limited evidentiary hearing to resolve jurisdiction disputes under Rule 12(b)(1). *Id.* at 2. Therefore, Mr. Johnson states, he has "proven that he has established jurisdiction under Rule 12(b)(1)" because he provided exhibits and witness declarations. *Id.* Third, Mr. Johnson argues that he

> did not sue the [d]efendants in their official capacity in which Fed. R. Civ. P. does not bar lawsuits against (A) state officials in their individual capacity for damages or (B) against state officials in their official capacity for injunctive relief, w[h]ere the plaintiff did request damages in the defendant[']s individual capacity, therefore plaintiff[']s claim is not barred, also plaintiff has produced evidence proving plausible as (1) a reasonable jury could find facts supporting a violation of constitutional rights, which was (2) clearly established at the defendant's conduct.

Docket No. 142 at 3.

Mr. Johnson's first and second objection – that his allegations are not conclusory and that his exhibits and witness declarations establish subject matter jurisdiction – do not contradict Magistrate Judge Hegarty's conclusion that subject matter jurisdiction must be determined "from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction," Docket No. 134 at 3 (quoting *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)), or facts submitted outside the complaint. *Id.* at 11. *See Erikson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014) (holding that the district court did not err in "failing to consider the materials" that a pro se litigant "attached to his response in opposition" to a motion to dismiss).

While Mr. Johnson is correct that "a facial attack on the complaint[']s allegations subject matter jurisdiction questions the sufficiency of the complaint" and that "in reviewing a facial attack on the complaint[, the court] must accept the complaint as true," Docket No. 142 at 2, a plaintiff's complaint must still allege sufficient facts that, if

taken as true, would establish subject matter jurisdiction. This is because the "sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Mr. Johnson's complaint, however, clearly demands damages from the CDOC defendants, Docket No. 1 at 25, and, while his complaint states that he is suing only Ward, May, and Allen in their official and individual capacities, *id.* at 3–4, he does not dispute the magistrate judge's conclusion that he is suing all of the CDOC defendants in both capacities. Docket No. 134 at 7.

Mr. Johnson's third objection – that a plaintiff, in one suit, may seek an injunction for the official-capacity claims and damages for the individual-capacity claims – also does not contradict the magistrate judge's conclusion that the court does not have subject matter jurisdiction to consider Mr. Johnson's official-capacity claims for damages. "[W]hen an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1977).

The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law. Therefore, because Mr. Johnson has not objected to the magistrate judge's conclusion that the Court does not have subject matter jurisdiction to consider official-capacity damages claims, the Court accepts the magistrate judge's recommendation that Mr. Johnson's official-capacity damages claims against the CDOC defendants be

dismissed.

### B.  Failure to State a Claim

Magistrate Judge Hegarty further recommends granting the CDOC defendants' motion to dismiss because Mr. Johnson has not alleged that the CDOC defendants violated his constitutional rights.  The magistrate judge concluded that the plaintiff failed to state a claim under section 1983, and thus the CDOC defendants are entitled to qualified immunity.  Docket No. 64 at 2; Docket No. 134 at 7, 15.  Qualified immunity "shields government officials performing discretionary functions from individual liability under [section 1983] unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Once a defendant asserts qualified immunity as a defense, the plaintiff must carry the burden of showing qualified immunity is not proper under the circumstances.  To do this, the plaintiff must show that (1) the defendant's conduct violated a constitutional right and (2) the law governing the conduct was clearly established at the time of the alleged violation."  *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (citing *Baptiste*, 147 F.3d at 1255).[4]

Mr. Johnson claims that he has not been provided adequate health care, constituting cruel and unusual punishment in violation of the Eighth Amendment.

---

[4]  The Court presumes that the magistrate judge did not consider the second element of the qualified immunity analysis because he had already determined that Mr. Johnson did not plead sufficient facts to establish a constitutional violation.  Mr. Johnson did not object to this, and the Court finds no clear error.  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Docket No. 1 at 6. The magistrate judge analyzed this claim under the "deliberate indifference" framework. Docket No. 134 at 8. Deliberate indifference "to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish deliberate indifference, a plaintiff must show that "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). This is the objective component. A plaintiff must also show that the defendants "knew [that the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). This is the subjective component.

### *1. Objective Component*

Mr. Johnson first alleges that he was denied a medical boot from October 2017 to November 2019. Docket No. 1 at 1. The CDOC defendants argue that this claim is time-barred. Docket No. 64 at 9. Because section 1983 does not provide a limitations period, the magistrate judge looked to Colorado law, which provides for a two-year limitations period for claims arising out of federal laws that are silent as to limitations periods. Docket No. 134 at 9 (citing Colo. Rev. Stat. § 13-80-120(g)). Since Mr. Johnson knew or should have known of the alleged constitutional violation in October 2017, but did not file his complaint until February 18, 2020, the magistrate judge concluded that the claim for a denial of a medical boot is time-barred because it arose before February 18, 2018. Docket No. 134 at 10.

In his objection, Mr. Johnson cites *Tiberi v. Cigna Corp.*, 83 F.3d 1423, 1430–31 (10th Cir. 1996), for the proposition that the limitations period runs from the date of the last injury or when the wrong is over. Docket No. 142 at 3. While Mr. Johnson is correct that the court in *Tiberi* applied the "continuing wrong doctrine," *Tiberi* is not a section 1983 case and, as such, is inapposite to the Court's analysis. Rather, the magistrate judge is correct that claims under section 1983 accrue when the "plaintiff knows or should know that his or her constitutional rights have been violated." Docket No. 134 at 10 (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)). Mr. Johnson stated that this injury began in October 2017. Docket No. 1 at 6, ¶ 1. Therefore, because his medical boot claim arose more than two years before he filed his lawsuit, the claim is time-barred.

Magistrate Judge Hegarty also considered Mr. Johnson's allegations that he experienced a delay in orthopedic medical care after February 18, 2018. Docket No. 134 at 10. In particular, Mr. Johnson alleges that he had physical therapy appointments that were canceled as recently as April 10, 2019 and that he was deprived of pain medication until May 2019. Docket No. 1 at 6, ¶ 3. Mr. Johnson states, however, that he received medication on May 11, 2019, but that the medication has not proven effective. *Id.*, ¶ 4. Since being transferred to Sterling, Mr. Johnson alleges that he has been denied care and has not been "prescribed an order for his injuries." *Id.*, 7, ¶ 7. However, the magistrate judge concluded that Mr. Johnson did not provide specific allegations that the delay resulted in substantial harm as required by *Vasquez*, 882 F.3d at 1252 (substantial harm includes "lifelong handicap, permanent loss, or considerable

12

pain"). Mr. Johnson objects that he has suffered "considerable pain" as a result of being denied medical care. Docket No. 142 at 4. He also argues that his injuries were "clear" and that "mandated orders" are evidence that he needed physical therapy. *Id.* at 2. Mr. Johnson cites *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997), in support. *Green* is distinguishable since the plaintiff there was "screaming in agony" and the defendant refused to treat the plaintiff despite "clear injuries, clear swelling, clear bleeding, [and] clear indications of possible internal injuries." *Id.* at 1303. Mr. Johnson cites *Sealock v. Colorado*; however, in that case, the plaintiff's injuries were "so obvious that even a lay person would recognize the necessity for a doctor's attention." 218 F.3d 1205, 1209 (10th Cir. 2000). Mr. Johnson cites *McCarthy v. Weinberg* for the proposition that denial of physical therapy is a substantial harm. However, *McCarthy* concerned a plaintiff who was "debilitated" by multiple sclerosis and had lost his hearing and eyesight. 753 F.2d 836, 839 (10th Cir. 1985). Mr. Johnson has not established that his denial of care and injuries are the sort of "substantial harm" that the court found in *Vasquez*, *Green*, and *McCarthy*, or obvious harm, as in *Sealock*. Therefore, the Court agrees with the magistrate judge that Mr. Johnson's complaint does not adequately plead the objective prong.

Finally, Mr. Johnson alleges that Hodge deprived him of care following a heart attack in August 2019. Docket No. 1 at 7, ¶ 6. The magistrate judge concluded that Mr. Johnson's allegation was conclusory because it failed to provide any details on how Hodge denied care. Docket No. 134 at 12. Because Mr. Johnson did not allege an "affirmative link" between Hodge and the constitutional violation, as required in *Duffield*

*v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008), the magistrate judge concluded that he failed to state a claim. Furthermore, without allegations connecting the other CDOC defendants to the alleged denial of care following Mr. Johnson's heart attack, the magistrate judge concluded that Mr. Johnson has failed to state a claim against them because a plaintiff must allege "an affirmative link between each defendant and the constitutional deprivation." Docket No. 134 at 12 (quoting *Duffield*, 545 F.3d at 1238). Mr. Johnson has not objected to this portion of the magistrate judge's recommendation. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### 2. Subjective Component

Magistrate Judge Hegarty concluded that, even if Mr. Johnson pled sufficient facts to establish the objective component, he has failed to establish the subjective component, i.e., that the defendants each had a sufficiently culpable state of mind to violate the Eighth Amendment. Docket No. 134 at 12. Mr. Johnson has not shown that the CDOC defendants were "both . . . aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they] dr[e]w the inference." *Id.* at 13 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The question is, "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005)).

Mr. Johnson objects that the conscious disregard can be inferred from "Nurse Jason's" indication that care was denied because Mr. Johnson is a "N[*****] who sue." Docket No. 142 at 4. In addition, Mr. Johnson alleges that Boyd consciously disregarded the risk to Mr. Johnson's health when she did not timely reinstate Mr. Johnson's medication and then prescribed medication that did not work. *Id.* Finally, Mr. Johnson argues that, while "[a]ctual knowledge must be shown under *Farmer*, the other items need not." *Id.* at 5.

The Court agrees with the magistrate judge's analysis. Mr. Johnson's complaint does not establish the affirmative link that is required. First, "Nurse Jason" is not a defendant in this case. Assuming that Mr. Johnson is reporting what Nurse Jason said about Boyd and Hodge's motives, Mr. Johnson nevertheless does not provide sufficient factual allegations that Boyd and Hodge recklessly disregarded the dangers to Mr. Johnson's health. In fact, Mr. Johnson alleges that it was Boyd who finally gave Mr. Johnson pain medication – though Mr. Johnson claims it did not work – and it was Hodge who scheduled the physical therapy appointments. Docket 1 at 6, ¶ 2. Providing ineffective pain medication does not amount to recklessly disregarding Mr. Johnson's health. Further, while Mr. Johnson alleges Castillo canceled the appointments, Mr. Johnson does not allege that Castillo recklessly disregarded the risk to Mr. Johnson or knew that doing so could result in a substantial risk to serious harm to Mr. Johnson, but did so anyway. *Id.* The actions that the prison officials took or failed to take in Mr. Johnson's case are not the sort of reckless disregard for Mr. Johnson's health that the officials took or failed to take in *Green*, *McCarthy*, or *Sealock*, which Mr. Johnson also relies upon in his subjective-prong objections. At most, the CDOC

15

defendants were negligent, but, as the magistrate judge concluded, "[a]n inadvertent failure to provide adequate medical care does not rise to the level of an unnecessary and wanton infliction of pain." Docket 134 at 13–14 (quoting *Van Riper v. Wexford Health Serv., Inc.*, 67 F. App'x 501, 503 (10th Cir. 2003)).

The Court also disagrees with Mr. Johnson's reading of *Farmer*, which does not say that actual knowledge alone is sufficient. Rather, the Supreme Court in *Farmer* stated that a prison official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." 511 U.S. at 837 (emphasis added). Mr. Johnson has not adequately alleged that any of the CDOC defendants "dr[e]w the inference" – that is, that any of the defendants had a "sufficiently culpable state of mind," *id.*, to know of and disregard the risk of harm to Mr. Johnson. As a result, the Court agrees with the magistrate judge that Mr. Johnson has failed to state a claim for a violation of the Eighth Amendment.

### C. Leave to Amend

The general rule in this circuit is that, if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). This is particularly the case where "deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's

ignorance of special pleading requirements." *Id.* While Magistrate Judge Hegarty noted this general rule, he concluded that Mr. Johnson's claims should be dismissed with prejudice for his failure to state a claim, as the deficiencies in Mr. Johnson's complaint are not because he "is not an 'untutored' litigant." Docket No. 134 at 14. Rather, the magistrate judge found that Mr. Johnson is a "well educated, experienced . . . pro se litigant." *Id.* (citing Docket No. 28 at 1; Docket No. 38 at 1; Docket No. 81 at 1). He noted that Mr. Johnson has filed 40 complaints between August 2017 and January 2020 and knew "that alleging a culpable state of mind was a necessary element to his claim." Docket No. 134 at 15. In fact, Mr. Johnson alleged in his complaint that the CDOC defendants "knowingly acted with the state of mind required to establish the Eighth Amendment [v]iolation." Docket No. 1 at 7. Furthermore, the magistrate judge concluded that *pro se* litigants "are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" Docket No. 134 at 14 (quoting *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999))). Because Mr. Johnson's shortcomings are not because he failed to comply with pleading requirements or did not know the rules, the magistrate judge recommends dismissal "on the merits." *Id.* at 15 (citing *Stubblefield v. Henson*, 989 F.2d 508 (10th Cir. 1993)).

Mr. Johnson has not objected to this portion of the magistrate judge's recommendation. The Court has reviewed the non-objected to portions of the

recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law, and the Court will dismiss Mr. Johnson's claims with prejudice.

### D. Motion for Preliminary Injunction and Defendant Gary Ward

Magistrate Judge Hegarty recommends denying Mr. Johnson's motion for a preliminary injunction, Docket No. 113, which he filed on August 25, 2020. Docket No. 134 at 15. The magistrate judge concludes that, if the Court accepts the magistrate judge's recommendations, Mr. Ward would be the only remaining defendant. However, because Mr. Ward is no longer a CDOC employee, the Court would be unable to provide Mr. Johnson's requested relief, and therefore, the motion for preliminary injunction must fail. *Id.* at 15–16 (citing *West v. Denver Cty. Jail Warden*, No. 07-cv-00226-REB-KLM, 2008 WL 732600, at *6 (D. Colo. 2008) ("Motion for Preliminary Injunction must fail because the named Defendants lack the authority to provide Plaintiff with the relief he desires.")).

Mr. Johnson objects to this recommendation, arguing that, when a plaintiff proceeds *in forma pauperis*, "the district court is responsible for service of the complaint." Docket No. 142 at 5. Mr. Johnson claims that the reason Mr. Ward has not been served is that Magistrate Judge Hegarty has not directed the United States Marshal to serve him. *Id.* Mr. Johnson states that the magistrate judge "and the attorney general can serve [Mr.] Ward at every known address," *id.*, and that they must do so, even absent a request, under *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir.

2003). This is necessary because Mr. Johnson's preliminary injunction and temporary restraining order are "impeded upon due to lack of service by the court." Docket No. 142 at 5.

While it is true that the U.S. Marshals Service will attempt service for plaintiffs proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d), the Marshals did attempt to serve Mr. Ward, but could not verify the address Mr. Johnson provided or whether Mr. Ward lived there. Docket No. 110. Even when the plaintiff is proceeding *in forma pauperis*, "[i]t is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served. . . . [T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *see also Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("the Marshals service is not responsible for lack of service where plaintiff does not provide correct information required for service."). Because Mr. Johnson must comply with Rule 4 of the Federal Rules of Civil Procedure, *see Dona't v. Amazon.com/Kindle*, No. 19-cv-01222-RM-KMT, 2020 WL 5105171, at *5 (Aug. 31, 2020), Mr. Johnson must show cause why Mr. Ward should not be dismissed for plaintiff's failure to serve him.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket 134] is **ACCEPTED**. It is further

**ORDERED** that the Motion Plaintiffs [sic] Response to Motion 134 [Docket No. 142] is **OVERRULED**. It is further

**ORDERED** that the CDOC Defendants' Motion to Dismiss [Docket No. 64] is **GRANTED**. It is further

**ORDERED** that the plaintiff's official-capacity claims against May, Allen, Wilson, Castillo, Hodge, and Boyd are **DISMISSED** without prejudice. It is further

**ORDERED** that the plaintiff's individual-capacity claims against May, Allen, Wilson, Castillo, Hodge, and Boyd are **DISMISSED** with prejudice. It is further

**ORDERED** that plaintiff's Motion for Preliminary Injunction [Docket No. 113] is **DENIED**. It is further

**ORDERED** that, on or before **January 25, 2020**, plaintiff shall show cause why defendant Ward should not be dismissed without prejudice for failure to serve pursuant to Rule 4 of the Federal Rules of Civil Procedure.

DATED January 7, 2021

                                          BY THE COURT:

                                          PHILIP A. BRIMMER
                                          Chief United States District Judge