IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 20-cv-00447-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

GARY WARD,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion Requesting Relief of Judgement Under Rule 60 Due to Newly Discovered Evidence and Fraud by Defendants [Docket No. 189]. The Court dismissed the case in its entirety on February 5, 2021. Docket No. 185. Judgment entered the same day. Docket No. 186.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the*

*Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Plaintiff requests that his case be "reassigned to the district court due to newly discovered evidence and due to defendants' fraud under Rule 60." Docket No. 189 at 1. Although his motion is somewhat unclear, plaintiff states that "defendants attempted to lie" when they claimed that he did not have a medical boot when he was transported to Sterling Correctional Facility. *Id.* Plaintiff points to two declarations that he claims show that he had such a boot in September or November 2017. Plaintiff provides one of the declarations with his motion and directs the Court to documents filed in Case No. 17-cv-02346-MSK-MEH. *Id.* at 1–2. The document that plaintiff has provided states only that someone named Christopher Taylor "seem #D-DU-17/180017898-2 Chavez

2

Twobears stated Jabari Johnson was issued another medical boot." *Id.* at 2.

Plaintiff has not shown any basis for relief from judgment. While plaintiff cites to Federal Rule of Civil Procedure 60(b)(1)–(3), he identifies no mistake, neglect, new evidence, fraud, or misrepresentation. First, plaintiff provides no explanation for why the declaration from Mr. Taylor could not have been obtained earlier. *See Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1206 (10th Cir. 2004) (relief is disfavored where it is based on allegations that were "readily available" prior to the entry of judgment); *Bartlett v. Palma*, No. 16-cv-00697-PAB-STV, 2018 WL 1046788, at *2 (D. Colo. Feb. 26, 2018). Second, even if plaintiff had provided such an explanation, the Court assumed that the allegations in plaintiff's complaint were true, including that defendants deprived him of a medical boot. *See* Docket No. 165 at 2. However, the Court, on recommendation of the magistrate judge, dismissed as time-barred plaintiff's claim. *Id.* at 11–12. Plaintiff has not shown that the dismissal was in error and has identified no "unusual or compelling" reason or "exceptional circumstance[]" for the Court to grant the relief that he requests. *See Cashner*, 98 F.3d at 580; *Servants of the Paraclete*, 204 F.3d at 1009. The Court will therefore deny plaintiff's motion.

For the foregoing reasons, it is

**ORDERED** that Motion Requesting Relief of Judgement Under Rule 60 Due to Newly Discovered Evidence and Fraud by Defendants [Docket No. 189] is **DENIED**.

DATED June 2, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge